UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH FRIEDMAN,

*Petitioner*,

vs.

JAMES COX, *et al.*,

*Respondents*.

Case No. 2:15-cv-00380-RFB-CWH

**ORDER**

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's filing docketed as a supplemental motion (ECF No. 16) for a writ of habeas corpus, on petitioner's counsel's motion (ECF No. 29) to withdraw as counsel, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The motion to withdraw will be **granted**, and Ms. Rasmussen will be formally substituted as replacement counsel. It is preferable generally that replacement counsel file a motion to substitute rather than merely entering an appearance, but the Court understands that new counsel may have proceeded in this fashion in light of Mr. Potter's health issues.

The supplemental filing (ECF No. 16) was improperly designated as a motion rather than a supplemental pleading when filed by former counsel. The Court will direct the Clerk to correct the docket entry and clear the pending motion designation on the docket.

Turning to initial review, it appears that the Court lacks jurisdiction over the petition, including as supplemented, because it constitutes a successive petition. **Petitioner therefore**

1 **will be directed to show cause**, through counsel, why the petition should not be dismissed
2 without prejudice for lack of jurisdiction.

Petitioner Kenneth Friedman is in custody pursuant to a Nevada state conviction, pursuant to a jury verdict, of one count of felony aggravated stalking, multiple counts of gross misdemeanor indecent exposure, and multiple counts of gross misdemeanor open or gross lewdness; and he was adjudicated and sentenced as a habitual criminal. He is serving a sentence of, *inter alia*, life without the possibility of parole.

The original judgment of conviction was entered in No. C190974 in the state district court on April 13, 2004; and an amended judgment of conviction was entered thereafter on May 7, 2004.[1]

Petitioner previously sought federal habeas relief in this Court challenging his custody under the foregoing judgments entered in C190974 in *Friedman v. Palmer*, No. 3:07-cv-00338-LRH-VPC. The Court dismissed that prior petition on the merits on August 21, 2013; and the Court of Appeals denied a certificate of appealability on June 23, 2014.

Review of the state district court's online docket sheet reflects that there have been no intervening amended or corrected judgments of conviction entered in that court subsequent to the May 7, 2004, amended judgment of conviction, which was entered prior to the earlier action in this Court.

Petitioner now challenges his custody under the same May 7, 2004, amended judgment of conviction again in the present action, which was constructively filed *pro se* on

---

[1]*See* No. 3:07-cv-00338-LRH-VPC, ECF Nos. 145-7 & 145-10 (Exhibits 24 and 27). The Court takes judicial notice of its records in the prior action filed by petitioner, the online docket records of the Ninth Circuit, and the online docket records of the Eighth Judicial District Court for the State of Nevada. *See, e.g., Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court may be accessed from:

https://www.clarkcountycourts.us/Anonymous/default.aspx

In this regard, it does not appear that the exhibits filed previously herein were filed with an index of exhibits. The Court is unable to determine what the exhibits are without opening each one on the electronic docket sheet to see the description. If any further exhibits are filed herein, counsel shall comply with the pertinent provisions at the conclusion of this order. In the interim, the Court refers to the indexed set of exhibits from the prior action and the online docket records of the state court.

or about March 1, 2015. At that time, petitioner's *pro se* application for authorization to file a second or successive petition was pending under No. 15-70695 in the Court of Appeals. Petitioner specifically referenced the *pro se* petition in the current action in his filings in the Court of Appeals, and he specifically contended that he could pursue claims for relief from an allegedly illegal sentence without procedural bars or time limits.[2] The Court of Appeals was not persuaded. The court denied the application for authorization to file a second or successive petition on May 18, 2015, holding that petitioner had not made the *prima facie* showing required under 28 U.S.C. § 2244(b)(2).

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). A subsequent petition filed after a prior petition was denied on the merits constitutes a successive petition. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

In the present case, the Ninth Circuit has considered and denied petitioner's application for authorization to pursue a second or successive petition. Petitioner accordingly must show cause, through counsel, why the petition should not be dismissed for lack of jurisdiction as a successive petition.

In responding, petitioner must demonstrate in the first instance, with citation to apposite controlling authority, why the Court of Appeals order in No. 15-70695 is not law of the case in this matter. Moreover, to the extent that petitioner contends that the petition is not successive because petitioner allegedly challenges only his sentence, he must cite apposite controlling authority – *i.e.,* specifically applying 28 U.S.C. § 2244(b) rather than pertaining instead to a different issue – that this distinction is one with a difference in this context, where

---

[2]*See* No. 15-70695, Dkt. No. 1-2, at 4, 7 & 15-27; Dkt. No. 3. All page citations to docketed materials are to the electronic docketing page number in the header of the filing, not to any internal page numbers in the original document.

-3-

1 there is no intervening judgment of conviction subsequent to the prior federal action. *See generally Magwood v. Patterson*, 561 U.S. 320 (2010).

**IT THEREFORE IS ORDERED** that the motion (ECF No. 29) to withdraw as counsel is **GRANTED**, that Cal J. Potter, III, and Cal J. Potter, IV, are WITHDRAWN as counsel, and that Lisa A. Rasmussen is SUBSTITUTED as counsel for petitioner.

**IT FURTHER IS ORDERED** that the Clerk of Court shall correct the docket entry for ECF No. 16 to reflect that the filing instead is a supplemental petition and that the Clerk shall clear the pending motion designation for the filing, all in a manner consistent with the Clerk's current practice for such matters.

**IT FURTHER IS ORDERED** that, within **forty-five (45) days** of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed for lack of jurisdiction as a successive petition. If petitioner does not timely respond to this order, the petition will be dismissed as a successive petition without further advance notice. If petitioner responds but fails to demonstrate that the petition is not subject to dismissal as a successive petition, the action will be dismissed.[3]

**IT IS FURTHER ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed

---

[3] Nothing herein suggests that the current pleadings herein are not subject to other deficiencies. The potential deficiencies with the pleadings include, *inter alia*: (1) petitioner's immediate custodian, the warden of his specific facility, has not been named as a respondent; (2) petitioner must set forth all of his claims in a single, consolidated filing with numbered grounds rather than in serial, piecemeal filings including argument not directed to a numbered ground; and (3) there appears to be a substantial issue as to the timeliness of the petition. The Court defers consideration of any and all additional issues concerning the pleadings pending a determination of whether the action must be dismissed in the first instance for lack of jurisdiction.

as a successive petition. Unsupported assertions of fact will be disregarded.

**IT IS FURTHER ORDERED** that, as to any and all exhibits filed in this matter hereafter by counsel, the exhibits shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 2:16-cv-01235-APG, ECF Nos. 18-21, except that a copy of the index shall be the first paper filed with each successive ECF number. Counsel in particular shall not file one single exhibit per ECF number as was done in ECF Nos. 17-28 herein. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments. In short, counsel shall not file exhibits in a manner that requires this Court or a reviewing court to go "fishing" through multiple filings or attachments that are not distinguished from one another on the face of the docket sheet in order to find specific exhibits.

DATED: October 23, 2017

_____
RICHARD F. BOULWARE, II
United States District Judge