UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH FRIEDMAN,

    *Petitioner*,

vs.

JAMES COX, *et al.,*

    *Respondents*.

Case No. 2:15-cv-00380-RFB-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court: (a) following upon petitioner's response (ECF No. 38) to an order (ECF No. 33) to show cause why the petition should not be dismissed as a successive petition; and (b) further upon an outstanding motion (ECF No. 26) for an extension of time.

Following review of the show-cause response, the Court finds that it would be in the interests of justice to issue a new stay and administratively close this action so that petitioner: (a) can ascertain the outcome of currently pending state court proceedings leading possibly to entry of an intervening judgment of conviction that may impact the successive-petition issue; and (b) thereafter can pursue such relief in the Ninth Circuit and/or the state courts as then appears warranted following upon the results and action taken in the currently pending state proceedings.

The Court's action does not imply any tacit acceptance of petitioner's arguments in the response. *Inter alia*, it is the Court's understanding that (absent an intervening judgment) a petitioner must seek authorization from the Court of Appeals to pursue a second or successive (SOS) petition presenting claims that the petitioner contends satisfy 28 U.S.C. §

1 2244(b)(2)(B). That is, the Court of Appeals, not the district court, initially determines in the
2 first instance, on a SOS petition application, whether petitioner has made a *prima facie*
3 showing that the claims satisfy the requirements of, *inter alia*, § 2244(b)(2)(B). See 28 U.S.C.
4 § 2244(b)(3)(A), (b)(3)(C) & (b)(4).

Rather, by this order, the Court merely is allowing time for possibly related proceedings to be concluded or potentially initiated in the state courts and/or the Ninth Circuit in order to then frame the backdrop for the procedural issues in this action.

This order will permit petitioner to file a superseding counseled amended petition herein without first moving to reopen the matter so that counsel can take preliminary action seeking, for example, to preserve claims in relation to the limitation period. Any such pleading should name the warden also as a respondent in addition to the state attorney general.

With any such amended pleading filed, the Court would prefer that new counsel start completely from scratch with regard to state court record exhibits and file an entirely new set of such exhibits. Such exhibits should start from a new Exhibit Number 1, without regard to prior counsel's exhibit filing, and should be filed in substantially the same manner as the exhibits that current counsel filed in *Burton v. Williams*, No. 2:16-cv-00521-APG-NJK, ECF Nos. 16-20. The only proviso would be that the Court would prefer: (a) that petitioner not include exhibits together with the index of exhibits in the first "Document Number" filing under an ECF number, such that the first "Attachment" filing instead should begin with exhibits including Exhibit 1; and (b) if the exhibits will span more than one ECF number, that petitioner file another stand-alone copy of the index in the "Document Number" filing for each succeeding ECF number. Filing the exhibits in this manner allows this Court and reviewing courts to readily see from the face of the electronic docket sheet which exhibits are contained within which attachments, as to all of the exhibits filed.

IT THEREFORE IS ORDERED that this action again is STAYED and shall be administratively closed until the Court reopens the matter, either on motion or *sua sponte*. The reopened matter will proceed under the current docket number, and no claims are dismissed by this order.

1     IT FURTHER IS ORDERED that petitioner may file a superseding counseled amended petition, with supporting exhibits, during the stay without prior leave of court and without first seeking to reopen the matter. A hard copy of the new set of supporting exhibits should be sent to the Clerk's Office in Reno for this case.

    IT FURTHER IS ORDERED that petitioner shall file a status report every one hundred twenty (120) days following entry of this order advising the Court as to the status of any related proceedings in the state courts and/or the Ninth Circuit.

    IT FURTHER IS ORDERED that, with any motion to reopen filed following a prior filing of a superseding amended petition, petitioner shall file supplemental indexed exhibits reflecting the state court and/or Ninth Circuit proceedings, if any, subsequent to the pleading, following in sequence from the last exhibit number used in the exhibits filed with the pleading.

    IT FURTHER IS ORDERED that petitioner's motion (ECF No. 36) for an extension of time is GRANTED *nunc pro tunc* in connection with the response (ECF No. 38) filed on January 3, 2018, and the prior extension granted.

    The Clerk of Court accordingly shall ADMINISTRATIVELY CLOSE this action until such time as the Court reopens the matter.

    DATED: January 8, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge